# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| W. DENNIS LORD, | ) |
| Plaintiff, | ) Docket No. 3:18-cv-00729 |
| v. | ) |
| | ) JURY DEMAND |
| SESAC, INC., | ) |
| | ) Chief Judge Waverly D. Crenshaw, Jr. |
| Defendant. | ) Magistrate Judge Jeffery S. Frensley |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant SESAC, Inc. ("Defendant") hereby files its Answer to Plaintiff's Complaint and states:

1. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Admitted.

3. The allegations in Paragraph 3 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed to contain allegations of fact, Defendant does not contest jurisdiction, but denies that any acts or omissions occurred that support Plaintiff's allegations. Further, Defendant acknowledges that Plaintiff purports to assert claims pursuant to the Age Discrimination in Employment Act and the Tennessee Human Rights Act, but denies that any acts or omissions occurred to support any claims under these statutes.

4. The allegations in Paragraph 4 of the Complaint are not factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent these

allegations are deemed to contain allegations of fact, Defendant does not contest venue, but denies that any acts or omissions occurred to support Plaintiff's allegations.

5. Admitted, with the understanding that the description of Defendant's business in Paragraph 5 of the Complaint does not purport to be exhaustive.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint, except admits that it hired Plaintiff on April 1, 1997, to serve as its Vice President – Business Affairs Writer/Publisher Relations, that Plaintiff was 45 years old when Defendant hired him and that Plaintiff was responsible for legal and business affairs related to writer and publisher affiliations. Defendant further states that the list of Plaintiff's responsibilities in the second sentence of Paragraph 7 of the Complaint does not purport to allege anything about the quality of Plaintiff's job performance.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff was promoted to Senior Vice President, Business Affairs in April 1999, that he was a member of corporate senior management and that Plaintiff's responsibilities in that position included all legal and business affairs related to SESAC writer and publisher affiliations, which included artist and repertoire functions and acquisition of writer and publisher affiliations. Defendant further states that the list of Plaintiff's responsibilities in the second sentence of Paragraph 8 of the Complaint does not purport to allege anything about the quality of Plaintiff's job performance.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, except admits that Plaintiff was promoted to Executive Vice President in April 2005 and reported

4851-4816-2673 v1
2918140-000350 08/30/2018

thereafter to President and Chief Operations Officer, Pat Collins.  In response to the third sentence of Paragraph 9 of the Complaint, Defendant further states it is incapable of responding to the allegations therein because they are imprecise and ambiguous.

10. Defendant denies all of the allegations in Paragraph 10 of the Complaint, except admits that in 2014, John Josephson replaced Stephen Swid as Chief Executive Officer and Kelli Turner was hired as EVP Corporate Development and Chief Financial Officer ("CFO") and replaced Michel Hidalgo as CFO, although Mr. Hidalgo did not leave the company at that time.

11. Defendant denies the allegations in Paragraph 11 of the Complaint, except admits that Plaintiff was given the title of Executive Vice President, Creative and Business Affairs in November 2015. Defendant further answers that contrary to Plaintiff's allegations, Pat Collins is still employed by Defendant.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint except admits that Plaintiff's responsibilities expanded when he assumed the position of Executive Vice President of Creative and Business Affairs to include supervising the creative department in addition to the business affairs department and that Plaintiff received industry accolades.

13. Defendant denies all of the allegations in Paragraph 13 of the Complaint. Defendant further answers that, contrary to Plaintiff's allegations, Defendant told Plaintiff on August 16, 2017, that his position as Executive Vice President of Creative and Business Affairs was being eliminated, but that his employment by Defendant would continue in the capacity of Advisor to the Chairman. Thereafter, Defendant learned that Plaintiff was representing himself to the music industry as "formerly with SESAC."

14. Denied.

15. Denied. Defendant further answers that Plaintiff was not replaced by anyone.

16. Defendant denies all of the allegations in Paragraph 16 of the Complaint. Defendant further answers that, contrary to Plaintiff's allegations, Bill Lee is still employed by the Defendant.

17. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18. In response to the allegations in the first sentence of Paragraph 18 of the Complaint, Defendant incorporates its responses to Paragraph 1-17 of the Complaint as if fully stated herein. In response to the second and third sentences in Paragraph 18 of the Complaint, Defendant states that these sentences do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in the second and third sentences of Paragraph 18 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them.

19. Defendant states that the allegations in Paragraph 19 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 19 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them.

20. Defendant states that the allegations in Paragraph 20 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 20 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them. Defendant denies that Plaintiff is entitled to the relief requested in the second sentence of Paragraph 20 of the Complaint.

21. Defendant states that the allegations in Paragraph 21 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 21 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 21 of the Complaint.

22. In response to the allegations in the first sentence of Paragraph 22 of the Complaint, Defendant incorporates its responses to Paragraph 1-21 of the Complaint as if fully stated herein. In response to the second and third sentences in Paragraph 22 of the Complaint, Defendant states that these sentences do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in the second and third sentences of Paragraph 22 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them.

23. Defendant states that the allegations in Paragraph 23 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 23 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them.

24. Defendant states that the allegations in Paragraph 24 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 24 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 24 of the Complaint.

25. Defendant states that the allegations in Paragraph 25 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no

response. To the extent the allegations in Paragraph 25 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them. Defendant denies that Plaintiff is entitled to the relief requested in the second sentence of Paragraph 25 of the Complaint.

26. Defendant states that the allegations in Paragraph 26 of the Complaint do not contain factual allegations, but rather arguments of counsel or conclusions of law that require no response. To the extent the allegations in Paragraph 26 of the Complaint are deemed to contain allegations of fact, Defendant denies all of them.

27. Defendant denies the allegations of Paragraph 27, except admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 19, 2018.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint except admits that Plaintiff filed the Complaint in this action on August 3, 2018.

29. Defendant states that the allegations in Paragraph 29 of the Complaint do not contain factual allegations, but rather a jury demand that does not require a response from the Defendant.

30. Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint.

31. All allegations in Plaintiff's Complaint not expressly admitted or denied above are hereby denied.

## ADDITIONAL DEFENSES

Without admitting or suggesting that it bears the burden of proof on any of the following issues, Defendant asserts the following additional or affirmative defenses to Plaintiff's Complaint:

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred in whole or part to the extent that Plaintiff relies on actions or omissions that are barred by the applicable statutes of limitations.

3. Plaintiff's claims may be barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

4. Defendant cannot be held liable to Plaintiff for acts or omissions of Defendant's employees that occurred outside the scope of their employment. While Defendant expressly denies that any of its employees, officers, or agents acted in any manner that was contrary to law, if Plaintiff's rights were violated, any such violation occurred outside the scope of the employment or agency of the offending employee, officer, or agent, and without the consent, authorization, or ratification of Defendant, and thus Defendant cannot be held liable to the Plaintiff through principles of agency, *respondeat superior*, or otherwise.

5. All of Defendant's personnel actions that Plaintiff challenges as discriminatory on the basis of age were taken in good faith and were based on reasonable factors other than age.

6. To the extent that Plaintiff has failed to take reasonable steps to mitigate his alleged damages, any claim for monetary relief must be reduced in an amount equal to the amount of damages that could have been avoided.

7. Any claim for monetary relief by the Plaintiff must be reduced, denied, or offset in an amount equal to Plaintiff's interim earnings; by any amounts Plaintiff would have earned with reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after he resigned from his employment by Defendant.

8. Plaintiff has not alleged any basis for the imposition of punitive damages. Unless Plaintiff demonstrates Defendant's alleged liability for punitive damages and the appropriate amount of punitive damages, any award of punitive damages would violate various provisions of the United States Constitution.

9. In the event that Defendant discovers or otherwise learns of evidence to which the "after-acquired" evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

10. Plaintiff's Complaint may be barred by additional affirmative or other defenses, including those contemplated by Federal Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Defendant therefore reserves the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests judgment in its favor and against Plaintiff for its reasonable attorneys' fees and costs incurred in the defense of this action, and for any other relief the Court deems just and proper.

Respectfully submitted,

s/ Kenneth A Weber
Kenneth A. Weber, BPR No. 015730
Jennifer Gingery Cook, BPR No. 020027
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5640
Facsimile: (615) 744-5640
Email: kweber@bakerdonelson.com
Email: jcook@bakerdonelson.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018, a copy of the foregoing *Defendant's Answer to Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Andrew W. Reed
G. Scott Fiddler
Fiddler & Associates, P.C.
1004 Congress
3rd Floor
Houston, TX 77002
areed@fiddlerlaw.com
scott@fiddlerlaw.com

Douglas B. Janney, III
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
doug@janneylaw.com

s/ Kenneth A. Weber
Kenneth A. Weber